(No. 3105— )

WABASH TELEPHONE COMPANY, A CORPORATION, Claimant, *vs.* STATE
OF ILLINOIS, Respondent.

*Opinion filed January 11, 1938.*

HOPKINS, SUTTER, HALLS & DEWOLFE, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE,
Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of
the court:

From the stipulation of facts herein, it appears that the
claimant is an Illinois corporation, and that during the years
1933, 1934 and 1935 it supplied telephone service to the Illi-
nois Soldiers' and Sailors' Children's School at Normal, Illi-
nois, a charitable institution maintained and operated by the
State of Illinois through its Department of Public Welfare;
that the respondent from time to time made payments on its
account for telephone services rendered by the claimant, but
between July 23d, 1933 and June 29th, 1935 there accrued
an unpaid balance of $146.94 in long distance toll charges;
that said charges were for telephone services rendered in con-
nection with the official business of said institution, and were
the usual and customary charges for the services rendered;
that during all of the aforementioned period claimant rend-
ered monthly statements to said School; that at the time said
services were rendered, there were sufficient funds remaining
unexpended in the appropriation from which the same were
properly payable, but for some reason, and without any fault
or neglect on the part of the claimant, such charges were not
vouchered for payment and no warrant was issued in pay-
ment thereof; and that said appropriation lapsed September
30th, 1935.

There is no question but what the services were rendered
as claimed, that the charges are the usual and customary
charges for such services, that monthly statements therefor
were rendered to the proper office of the respondent; and that

the only reason why claimant has not heretofore been paid, is the lapse of the appropriation.

We have held in numerous cases that where services have been properly rendered to the State, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, without any fault or neglect on the part of the claimant, an award for the reasonable and customary value of the services will be made, where at the time the expenses were incurred there were sufficient funds remaining unexpended in the appropriation to pay for the same. *Rock Island Sand & Gravel Co.* vs. *State,* 8 C. C. R. 165; *Indian Motorcycle Co.* vs. *State,* No. 3098, opinion filed June 11th, 1937.

Award is therefore entered in favor of the claimant for the sum of One Hundred Forty-six Dollars and Ninety-four Cents ($146.94).